```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                  WESTERN DISTRICT OF NEW YORK
```

CARL PALADINO,

    Plaintiff,

        v.                    File No. 17-cv-538

DR. BARBARA SEALS-NEVERGOLD, SHARON BELTON-COTTMAN, HOPE JAY, DR. TERESA HARRIS-TIGG, JENNIFER MACOZZI, PAULETTE WOODS, CITY OF BUFFALO PUBLIC SCHOOL DISTRICT, and the BOARD OF EDUCATION FOR THE CITY OF BUFFALO PUBLIC SCHOOL DISTRICT,

    Defendants.

## OPINION AND ORDER

Plaintiff Carl Paladino brings this action claiming violations of his First Amendment rights. Pending before the Court are several motions, including motions to dismiss the initial Complaint, motions to dismiss the First Amended Complaint, and motions to strike the Second Amended Complaint. The basis of the motions to strike is that Paladino filed his Second Amended Complaint without seeking leave of the Court. In opposing those motions, Paladino argues that he had a right to file a second amended pleading as a matter of right under Fed. R. Civ. P. 15(a)(1). His opposition also cross-moves for leave to amend if the Court finds that such leave is required.

For the reasons set forth below, the motions to strike are **granted**, the motion for leave to amend is also **granted**, and the

pending motions to dismiss are **denied without prejudice** as moot. Defendants may file responses to the Second Amended Complaint within 45 days of the date of this Opinion and Order.

## **Factual and Procedural Background**

In 2016, Paladino was a member of the Board of Education for the City of Buffalo Public School District ("Board"). On December 23, 2016, a local Buffalo magazine ("Artvoice") posed four questions to various local leaders, including Paladino, and requested responses. Paladino drafted an initial set of responses that he intended to send via email exclusively to a group of his friends. Those draft responses disparaged public figures, including former President Barack Obama and his wife. Paladino mistakenly included Artvoice on the email distribution list, and his draft responses were subsequently published.

Paladino's pleadings allege that after the publication by Artvoice, certain Board members made efforts to have him removed from his elected seat. At a meeting on December 29, 2016, those Board members publicly censured Paladino for his comments and demanded his resignation. Paladino did not resign, and a majority of the Board chose to retain counsel in order to explore filing a petition for removal with the New York State Commissioner of Education. Paladino alleges, upon information and belief, that counsel advised the Board members not to move forward on the basis of the December 2016 publication, as such

2

action might render them liable for First Amendment retaliation.

On January 5, 2017, Paladino published an article in Artvoice relating to the Board's collective bargaining negotiations with the teachers' union. Certain Board members believed that the article revealed confidential information obtained during the Board's executive session, and on January 18, 2017 voted to petition the Commissioner of Education for Paladino's removal. On August 17, 2017, the Commissioner granted the petition and removed Paladino from his elected position on the Board.

Paladino brings the instant action against Board members Dr. Barbara Seals-Nevergold, Sharon Belton-Cottman, Hope Jay, Dr. Teresa Harris-Tigg, Jennifer Mecozzi, and Paulette Woods (the "individual defendants"). He has also named as defendants the City of Buffalo School District and the Board. The initial Complaint alleged retaliation under 42 U.S.C. § 1983, deprivation of Paladino's First Amendment Rights, conspiracy to deprive Paladino of his First Amendment rights, and malicious prosecution.

In response to the Complaint, the individual defendants moved to dismiss for failure to state a claim. Their arguments include non-actionable conduct, qualified immunity, and collateral estoppel. The School District and the Board also moved to dismiss on similar grounds. Rather than oppose the

3

motions to dismiss, Paladino filed a First Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1). The defendants again responded by filing motions to dismiss.

After receiving the second round of motions to dismiss, Paladino filed a Second Amended Complaint without either leave of the Court or consent from the defendants. The Second Amended Complaint is significantly longer than the First Amended Complaint and includes a different set claims. Specifically, Paladino's newest pleading deletes his malicious prosecution cause of action and adds claims of retaliatory investigation and retaliatory prosecution. The Second Amended Complaint also seeks declaratory relief.

Defendants have moved to strike the Second Amended Complaint, arguing that Fed. R. Civ. P. 15(a)(2) required either a stipulation or leave of the Court. Paladino counters that he is allowed to file as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) every time he is served with a motion to dismiss. In the alternative, Paladino cross-moves for leave to file his Second Amended Complaint. Defendants have opposed the cross-motion, arguing that the Second Amended Complaint would not survive a motion to dismiss and is therefore futile. Defendants also contend that because Paladino is challenging the Commissioner of Education's ruling in state court, this Court should abstain from granting declaratory relief.

4

**Discussion**

**I. Leave to File Once As a Matter of Course**

A threshold question is whether Paladino's Second Amended Complaint was properly filed. Amendment of pleadings is governed by Fed. R. Civ. P. 15(a), which provides:

> (1) Amending as Matter of Course. A party may amend its pleading once as a matter of course within:
>
>     (A) 21 days after serving it, or
>
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. Paladino argues that under Fed. R. Civ. P. 15(a)(1)(B), "a party may amend a complaint as a matter of course once after each and every motion to dismiss is filed." ECF No. 23-4 at 3. Defendants submit that the Rule only allows amendment as a matter of course once in the entire case.

Rule 15 provides that amendment as a matter of course can happen only "once." Fed. R. Civ. P. 15(a)(1). After that one occasion, a party must seek either the opposing party's consent or leave from the court. *See Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) ("Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleadings more than

once 'only with the opposing party's written consent or the court's leave.'"); *see also* 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1480 (3d ed.) (explaining that when a party "already has amended the pleading, [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2)"). As opined in a leading treatise, "permitting only one amendment without leave of court seems to be a sound limitation on the practice. An unrestricted right to amend as of course easily might become a source of abuse either by encouraging shabby pleading techniques or by providing a potential source of harassment." 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1480 (3d ed.).

Paladino claims that there is a Circuit split on the issue, and cites the Ninth Circuit as supportive of his position. ECF No. 23-4 at 3 (citing *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1005-06 (9th Cir. 2015)). In *Ramirez*, the plaintiff amended his complaint first with consent from the opposing party, and subsequently as a matter of course under Rule 15(a)(1). 806 F.3d at 1007. The Ninth Circuit held that this order of amendments was permissible: "[A] plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." *Id.* The *Ramirez* decision did not countenance filing as

6

a matter of course more than once, and in fact referred specifically to the plaintiff's "one matter of course amendment." *Id.*

Paladino also cites authority from the First Circuit, which held "without serious question, that a plaintiff may amend a complaint only once as a matter of course under Rule 15(a)(1)." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015). The First Circuit's holding is consistent with the plain language of the Rule, which clearly allows amendment "once" as a matter of course. Fed. R. Civ. P. 15(a)(1). Consequently, Paladino's Second Amended Complaint was not properly filed under Rule 15(a)(1), as it was his second such filing in this case. Defendants' motions to strike are therefore **granted.**

**II. Motion for Leave to Amend**

In the event the Court found his filing under Rule 15(a)(1) improper, Paladino filed a motion for leave to amend under Rule 15(a)(2). Rule 15(a) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the Rule is quite liberal, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A district court may deny leave to amend for good reasons, including futility, bad faith, undue delay, or

7

undue prejudice to the opposing party.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, defendants argue futility.  A proposed amendment to a pleading is futile if it cannot withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  Defendants' joint opposition to the motion to amend is akin to a motion to dismiss, as it submits claim-by-claim arguments on the merits.  Paladino has made a "brief rebuttal" to those arguments in his reply memorandum, and asks the Court to consider allowing a full briefing schedule "that allows Mr. Paladino to fully respond to [] all issues and arguments raised by Defendants."  Doc. 34 at 5.

The Court agrees that full briefing on defendants' arguments is the best course of action.  Such briefing will not only allow Paladino a full opportunity to respond, but will also allow defendants an opportunity to file a reply memorandum.  The best way to accomplish such a sequence of briefing is to grant leave to file the most recent Amended Complaint and allow defendants to file their respective motions to dismiss.  Accordingly, in an exercise of discretion, the Court **grants** Paladino's motion to amend.  *See Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

8

Defendants may file their motions to dismiss (or other responsive pleading) within 45 days of the date of this Opinion and Order.

**III. Pending Motions to Dismiss**

Remaining before the Court are defendants' previous motions to dismiss. "Where plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). In this instance, the most recent Amended Complaint is significantly longer than its predecessors, deletes one cause of action, and adds several new claims. Accordingly, it is no longer useful to consider the merits of the prior motions to dismiss. Those motions are therefore **denied without prejudice** as moot.

## Conclusion

For the reasons set forth above, defendants' motions to dismiss (ECF Nos. 8, 10, 15, 18) are **denied without prejudice**, and their motions to strike (ECF Nos. 21, 24) are **granted**. Paladino's motion for leave to file (ECF No. 23) is **granted**. Defendants may file motions to dismiss or other responsive

pleadings within 45 days of the date of this Opinion and Order.

DATED at Burlington, in the District of Vermont, this 18th day of March, 2019.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge