UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL PALADINO, | : |
| Plaintiff, | : |
| v. | : Case No. 17-cv-538 |
| DR. BARBARA SEALS-NEVERGOLD, SHARON BELTON-COTTMAN, HOPE JAY, DR. TERESA HARRIS-TIGG, JENNIFER MACOZZI, PAULETTE WOODS, CITY OF BUFFALO PUBLIC SCHOOL DISTRICT, and the BOARD OF EDUCATION FOR THE CITY OF BUFFALO PUBLIC SCHOOL DISTRICT, | : |
| Defendants. | : |

**OPINION AND ORDER: PLAINTIFF'S MOTION TO STRIKE**

(ECF 47, May 8 2019)

Plaintiff Carl Paladino is suing the City of Buffalo Public School District, the Board of Education for the City of Buffalo, as well as individual members of the Board of Education, for relief under 42 U.S.C. § 1983, the First Amendment, and the "common law and Constitution of the State of New York" for removing him from the Board after he engaged in racially inflammatory public speech and disclosed information regarding a Board approved collective bargaining agreement. Mr. Paladino seeks compensatory and punitive damages, affirmative and equitable relief, and an award of costs, interest, and attorney's fees.

1

On April 18, 2019, Defendants filed two separate motions to dismiss the suit under Fed. R. Civ. P. 12(b)(1) and (6). Mr. Paladino filed a motion to strike these filings on May 8, 2019, on grounds that they are improperly directed toward his First Amended Complaint. For the reasons set forth below, Plaintiffs' motion to strike is **granted,** and Defendants' motions to dismiss are **denied** without prejudice

**PROCEDURAL BACKGROUND**

On March 20, 2019, this Court granted Plaintiff's motion for leave to amend his First Amended Complaint. ECF 47. Plaintiff had initially filed his Second Amended Complaint with the Court on October 16, 2017 as a part of that motion. ECF 47. When Plaintiff attempted to re-file his Second Amended Complaint with the Court on April 4, 2019, he made a clerical error and mistakenly filed the First Amended Complaint once again instead. *Id.* Later that month, Defendants re-filed their motions to dismiss, which reference the First Amended Complaint rather than the Second Amended Complaint. *See* ECF 41; ECF 43. Plaintiff now moves to strike these pleadings as improperly referring to an earlier complaint that is now moot. He also moves to set a schedule for parties to oppose and respond to the Second Amended Complaint.

2

**DISCUSSION**

The issue before the Court is whether Defendants' motions to dismiss should be struck due to the fact that they are directed toward Plaintiffs' First Amended Complaint, rather than his Second Amended Complaint. The Court must also determine whether Defendants should be required to revise and resubmit their motions to dismiss for the purpose of setting a proper record.

This is a question within the trial court's discretion. "When a plaintiff amends its complaint while a motion to dismiss is pending, the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint." *Cole v. Foxmar Inc.,* 387 F.Supp 3d 370 (D. Vt. 2019). While the Federal Rules of Civil Procedure do not stipulate that an amended complaint automatically renders moot any motion directed toward an earlier version, courts typically require that motions be resubmitted in light of these amendments where references to earlier versions may cause confusion. *See* 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990).

In the interest of preventing confusion and maintaining consistency within the docket, the Court shall **grant** Plaintiffs' motion to strike. First, Plaintiffs' Second Amended Complaint is

3

substantively different from the First Amended Complaint. ECF 19 at 2. The Second Amended Complaint drops the cause of action for malicious prosecution, adds causes of action for retaliatory investigation and retaliatory prosecution under federal law, and clarifies Plaintiffs' First Amendment claims. *Id.* In light of these differences, Defendants' unrevised motions may not fully address Plaintiffs' claims as they currently stand, and this could open the door to unnecessary confusion in addressing their motions. Further, in the interest of bringing the docket to consistency, new motions submissions from the Defendants would rectify any outstanding confusions as to which documents are most updated and which claims are being litigated. Finally, given the overall similarity between Plaintiffs' First and Second Amended Complaints, Defendants should be able to make these changes with minimal burden to their time and resources.

## **CONCLUSION**

For the aforementioned reasons, Plaintiffs' motion to strike is **granted**, Defendants' motions to dismiss are **denied** without prejudice, and the pending hearing on these motions is cancelled. Defendants have thirty days to file new motions to

4

dismiss directed toward Plaintiffs' Second Amended Complaint.

Dated in Burlington, in the District of Vermont on this 1st day of November, 2019.

*/s/ William K. Sessions III*
William K. Sessions III
District Court Judge